## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 20-037 (PG) |
| JORGE LUIS LIRIANO-VARGAS, | |
| Defendant. | |

### REPORT AND RECOMMENDATION
### RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On January 23, 2020, a grand jury returned an indictment against Jorge Luis Liriano-Vargas (hereinafter referred to as "defendant" or "Liriano-Vargas"). ECF No. 8. Defendant has agreed to plead guilty to count one of the indictment. Count one charges the defendant of fraudulent use of visas, permits and other documents, in violation of Title 18, United States Code, Section 1546(a).

**II.     Consent to Proceed Before a Magistrate Judge**

On February 20, 2020, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

### III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial and that no adverse inference could be made in relation to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross-examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, the defendant was explained, and he understood, that if convicted on count one he will face the following penalties: a term of imprisonment of not more than ten (10) years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

At the change of plea hearing, the defendant admitted that the following facts are true: On or about January 19, 2020, at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico, Jorge Luis Liriano-Vargas, a citizen of the Dominican Republic, was found in the United States attempting to board JetBlue Airline flight number 104, bound to the city of New York, NY. During the inspection conducted by the U.S. Customs and Border Protection Officer, Liriano-Vargas claimed to be a citizen of the Dominican Republic and presented a Dominican Republic Passport number XXXXXX234, a United States Visa number C3702742 and a US Customs and Border Protection admission stamp in the passport as proof of identity. The United States Visa Number C3702742 was queried thru the corresponding database and the query revealed that the visa number does not exist in any system or database. The United States Visa Control number 20173015820004 was queried in the corresponding database and the query revealed that the visa control number does not exist in any system or database. Liriano-Vargas admitted that he obtained the documents by paying an approximate amount of $400.00 USD. Records checks confirmed that Liriano-Vargas is a citizen and national of the Dominican Republic and is an illegal alien with no authorization of legal status to be present in the United States. Liriano-Vargas was found in the United States using documents knowing the same to be forged, counterfeited, altered or falsely made, or to have been procured by means of any false claim or statement, or to have been

otherwise procured by fraud or unlawfully obtained. Liriano-Vargas also admitted that he committed the offense knowingly.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Administrative Consequences

Defendant was warned, and he understood, that his decision to enter a guilty plea in this case may result in negative or adverse consequences regarding his immigration status in the United States.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. If the sentencing hearing is scheduled to be held prior to the expiration of the fourteen-day period, then the objections must be filed before the sentencing hearing. Failure to timely file specific objections to the report and

recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

    SO RECOMMENDED.

In San Juan, Puerto Rico, this 24th day of February, 2020.

                                        <u>s/Marcos E. López</u>
                                        U.S. MAGISTRATE JUDGE